Jasen, J.
(concurring). I agree with the majority that defendant’s inculpatory statement to Officer Reidy was not “spontaneous” as á matter of law. I-disagree, however, with the standard employed by the majority in reaching this conclusion and, therefore, am unable to join in their opinion.
The majority, adopting language used by this court in People v Maerling (46 NY2d 289, 302-303), states that spontaneity must “be genuine and not the result of inducement, provocation, encouragement or acquiescence, no matter how subtly employed.” While I have no quarrel with this general proposition, I do not believe that it states the appropriate standard to be applied in determining whether or not a statement was truly spontaneous. In my view, the quoted language from People v Maerling was meant merely to illustrate instances of nonspontaneous declarations and was not intended to be a pronouncement of the legal test to be utilized by a suppression court confronted with the task of determining whether a statement was spontaneous when made.
More recently, in People v Lynes (49 NY2d 286), this court had the opportunity again to address the question whether an uncounseled statement was truly spontaneous. In Lynes, we stated that the test to be employed by a suppression court in such situations is “whether the defendant’s statement can be said to have been triggered by police conduct which should reasonably have been anticipated to evoke a declaration from the defendant”. (People v Lynes, supra, at p 295.) Rather than attempting to pigeonhole defendant’s statement into one of the categories delineated in People v Maerling, the present case should be measured under the more appropriate Lynes standard.
*683 Applying the test in People v Lynes, there can be no doubt that defendant’s inculpatory statement was not spontaneous. Indeed, it was only after the extended discussion between Officer Reidy and defendant, in which Reidy informed defendant of the current status of the charges pending against him and of his alleged accomplice’s statement, that defendant came forth with the inculpatory statement. Under any view of the facts, defendant’s statement can only have been the result of this ongoing conversation with Officer Reidy “which should reasonably have been anticipated to evoke a declaration from the defendant.” (People v Lynes, supra, at p 295.) Thus, as á matter of law, this uncounseled statement was not spontaneous and should have been suppressed.
Chief Judge Cooke and Judges Gabrielli, Jones, Wachtler, Puchsberg and Meyer concur; Judge Jasen concurs in a concurring opinion.
On defendant’s appeal: Order reversed, statements made by defendant on the airplane and physical evidence seized in the motel room suppressed and the case remitted to Sullivan County Court for further proceedings on the indictment.
On People’s appeal: Appeal dismissed.